| | |
|---|---|
| 1 | ARMAND J. KORNFELD (WSBA #17214)    HONORABLE WHITMAN L. HOLT |
| 2 | AIMEE S. WILLIG (WSBA #22859)<br>SHANE E. CREASON (WSBA #63865) |
| 3 | BUSH KORNFELD LLP<br>601 UNION STREET, SUITE 5000 |
| 4 | SEATTLE, WA 98101<br>(206) 292-2110 |
| 5 | ajkornfeld@bskd.com<br>awillig@bskd.com |
| 6 | screason@bskd.com |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re | Chapter 11 |
| SUMMIT COLLECTIVE, INC. et al., | Lead Case No. 25-02182-WLH11<br>Jointly Administered |
| Debtors.[1] | DEBTORS' MOTION FOR ORDERS APPROVING:<br>(I) BID PROCEDURES FOR SALE OF ASSETS AND ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS UNEXPIRED LEASES AND SCHEDULING AUCTION AND SALE HEARING;<br>(II) SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS UNEXPIRED LEASES |

The above-captioned debtors and debtors in possession (the "Debtors") move the

court pursuant to Sections 105(a) and 363 of the Bankruptcy Code, Rule 6004 of the

---

[1] The Debtors, along with their case numbers, are as follows: Summit Collective Incorporated (25-02182) ("Summit") and Rad Power Bikes Inc. (25-02183) ("RAD").

DEBTORS' MOTION RE BID PROCEDURES AND SALE –
Page 1

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Federal Rules of Bankruptcy Procedure, and Rule 6004-1 of the Local Rules of the United States Bankruptcy Court for the Eastern District Washington (together the "Bankruptcy Rules") for entry of two Orders:

**1.    Bid Procedures Order**

The Debtors seek an order ("Bid Procedures Order"):

(1) approving bidding procedures (the "Bid Procedures") in connection with the sale of the Debtors' assets as identified by buyer(s) ("Acquired Assets"); and

(2) scheduling (a) an auction (the "Auction"), and (b) the date and time of the hearing (the "Sale Hearing") to approve (i) assumption and assignment of executory contracts and unexpired leases; and (ii) sale of the Acquired Assets to the bidder(s) that submitted the successful bid(s) (the "Successful Bid(s)" by the "Successful Bidder(s)"); and

**2.    Sale Order**

The Debtors seek an order following the Sale Hearing (the "Sale Order") authorizing: (a) sale (the "Sale") of Acquired Assets free and clear of liens, claims, encumbrances and other interests; and (b) assumption and assignment (the "Assumption and Assignment") of executory contracts and unexpired leases ("Assumed/Assigned Contracts and Leases").

This Motion is based on the files and records herein and on the accompanying Declaration of Angelina M. Smith in support of the First Day Motions and the Declaration of Teri Stratton.

DEBTORS' MOTION RE BID PROCEDURES AND SALE –
Page 2

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

# I.
# FACTUAL BACKGROUND

## A.    THE DEBTORS AND THEIR BUSINESS

The Debtors commenced the above-captioned Chapter 11 cases on December 15, 2025. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. A detailed discussion of the Debtors' business operations and events leading to these Chapter 11 cases is set forth in the Smith Declaration.

## B.    THE MARKETING OF THE ASSETS

RAD started a marketing process in earnest prepetition.  During this past summer, RAD reached an agreement with a third party to sell the company without need for a bankruptcy proceeding.  Unfortunately, the interested party backed away from the deal on the eve of closing in early fall.  RAD pivoted and engaged Hilco Corporate Finance, the investment banking arm of Hilco Global, to expose the company to the market as broadly and quickly as possible.  Smith Decl.

Hilco has contacted over 100 parties, a mix of potential strategic and financial buyers. As of the filing of this case, 17 parties were actively completing diligence in the virtual data room established to support the marketing and sale process.  RAD's focus is to complete the sale of its business in the next 45 – 60 days.  RAD seeks approval of the proposed Bid Procedures in order to provide interested buyers with clear guidance for the timing of the sales process and the rules that will govern the process and to expeditiously close a sale of substantially all of its assets.  Stratton Decl.

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

To expeditiously administer these bankruptcy cases while maximizing the value of the estate, the Debtors are moving forward with an orderly marketing process for the Sale of the Acquired Assets. The Bid Procedures provide the framework for the sale process and are designed to elicit value-maximizing bids. The Bid Procedures (a) set forth a timeline for the sale process that is reasonable and appropriate to elicit value-maximizing bids, (b) set forth the basic rules for submitting bids for the assets and a potential Auction, and (c) provide major creditor groups with consultation rights at various stages in the process. The Bid Procedures comply with the requirements of the Bankruptcy Code and the Bankruptcy Rules and therefore should be approved.

## C.    DEBT STRUCTURE

### 1.    JPMORGAN Chase

RAD is indebted under a December 17, 2021 Amended and Restated Credit Agreement, as amended (together with loan documents executed in connection therewith, the "Senior Credit Facility") to JPMORGAN Chase Bank, N.A. (the "Senior Secured Lender"), under which the Senior Secured Lender extended a revolving term credit facility to RAD and under which RAD was indebted as of the Petition Date in the amount of $11.2 Million, which includes a letter of credit collateralized by a cash deposit account.  Smith Decl., Ex. A. To secure the Senior Credit Facility, RAD executed a Security Agreement dated as of December 17, 2021, granting the Senior Secured Lender a lien on assets including accounts and inventory. Smith Decl., Ex B. The Senior Secured Lender filed an initial UCC1 as to all assets on January 22, 2021, Filing No. 20210577743, with an amendment as to the debtor name filed in October 29,

DEBTORS' MOTION RE BID PROCEDURES AND SALE – Page 4

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2024, Filing No. 20247517954 and a continuation filed on August 25, 2025 Filing No. 20256222308. Smith Decl., Ex. C.

### 2. Subordinated Secured Convertible Notes

RAD is indebted under Subordinated Secured Convertible Promissory Notes (the "Subordinated Notes" and the "Subordinated Note Holders") dated October, November and December 2023 to thirty-seven noteholders in the principal amount of $26,285,715.98. Smith Decl. To secure the Subordinated Notes, RAD executed a Security Agreement dated as of October 6, 2023 granting the Subordinated Note Holders liens on assets including accounts and inventory. Smith Decl., Ex. D. The Agent for the Subordinated Note Holders Senior Secured Lender filed a UCC1 as to all assets on October 6, 2023, Filing No. 20236874332.

## II.
## SALE OF ASSETS AND ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

### A. SALE OF ASSETS

### 1. Sale of assets is authorized by § 363(b) as a sound exercise of the Debtors' business judgment.

Section 363 of the Bankruptcy Code provides, in relevant part, that a debtor in possession "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b). Bankruptcy courts typically review a transaction proposed under section 363(b)(1) using a "business judgment" standard. *In re Claar Cellars LLC,* 2020 Bankr. LEXIS 682, at *9 (Bankr. E.D. Wash. Mar. 13, 2020) (citing *In re Equity Funding Corp. of Am.*, 519 F.2d 1274,

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2937 20301hq

1277 (9th Cir. 1975); *In re Ernst Home Ctr., Inc.*, 209 B.R. 974, 979-80 (Bankr. W.D. Wash. 1997)).   This is a "deferential" standard pursuant to which a "bankruptcy court will generally approve" a reasoned decision by the debtor.  *Id.  Id. (*citing *Mission Prod. Holdings, Inc. v. Tempnology, LLC, 139 S. Ct. 1652, 1658, 203 L. Ed. 2d 876 (2019)).* Here, the Debtors have determined in the exercise of their business judgment that the sale of the Acquired Assets is in the best interest of the estate and its creditors.  Smith Decl.  The paramount goal in any proposed sale of property of the estate is to maximize the proceeds received by the estate.  *In re Royal Coachman Mobile Home Park, LLC*, No. 16-03109-FPC11, 2021 Bankr. LEXIS 119, at *11 (Bankr. E.D. Wash. Jan. 20, 2021).   Sale of the Acquired Assets by auction will enable them to obtain the highest and best offer for the Acquired Assets, thereby maximizing the value of the estate. The fairness and reasonableness of the consideration to be paid by the Successful Bidder ultimately will be demonstrated by adequate "market exposure" and an open and fair auction process—the best means, under the circumstances, for establishing whether a fair and reasonable price is being paid.

**2.     Sale Free and Clear Under § 363(f)**

Section 363(f) of the Bankruptcy Code provides:

(f) The Trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if –

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

(1) applicable non-bankruptcy law permits sale of such property free and clear of such interest;

(2) such entity consents;

(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4) such interest is in bona fide dispute; or

(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

Here, any lien holder that does not consent to the sale of its collateral free and clear of its liens could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest within the meaning of section § 363(f)(5). *In re Jolan, Inc*., 403 B.R. 866, 869 (Bankr. W.D. Wash 2009) (discussing *Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC)*, 391 B.R. 25 (9th Cir. BAP 2008) and holding that a creditor could be compelled to accept a money satisfaction of its interests under various Washington statutes).

## B.   ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Section 365(a) of the Bankruptcy Code provides that, subject to the court's approval, a trustee "may assume or reject any executory contracts or unexpired leases of the debtor." 11 U.S.C. § 365(a). Upon finding that a trustee has exercised its sound business judgment in determining to assume an executory contract or unexpired lease, courts will approve the assumption under § 365(a). *In re Hertz, 536 B.R. 434, 442*

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

(Bankr. C.D. Cal. 2015); *Official Creditors' Comm. v. X10 Wireless Tech., Inc. (In re X10 Wireless Tech.),* 2005 Bankr. LEXIS 3376, at \*8-9 (B.A.P. 9th Cir. Apr. 5, 2005).

Pursuant to Section 365(f)(2), a debtor in possession may assign an executory contract or unexpired lease of nonresidential real property if:

> (A) the trustee assumes such contract or lease in accordance with the provisions of this section; and
>
> (B) adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease.

11 U.S.C. § 365(f)(2).

The meaning of "adequate assurance of future performance" depends on the facts and circumstances of each case, but should be given a "practical, pragmatic construction." *In re Kabuto Ariz. Props., LLC*, No. 2:09-bk-11282-GBN, 2009 Bankr. LEXIS 4961, at \*72-73 (Bankr. D. Ariz. Dec. 9, 2009) (citing e.g, *In re Prime Motor Inns Inc.*, 166 B.R. 993, 997 (Bankr. S.D. Fla. 1994) ("[a]lthough no single solution will satisfy every case, the required assurance will fall considerably short of an absolute guarantee of performance"). Among other things, adequate assurance may be provided by demonstrating the assignee's financial health and experience in managing the type of enterprise or property assigned. *Id.*

Pursuant to the terms of the proposed Bid Procedures Order, the Debtors will send a notice (the "Assumption and Assignment/Cure Notice") to counterparties to executory contracts and unexpired leases notifying of potential assumption by the Debtors and assignment to the Successful Bidder of such contracts and leases.

DEBTORS' MOTION RE BID PROCEDURES AND SALE –
Page 8

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Counterparties to contracts an leases will be given sufficient time to object (a "Cure Objection") to the proposed cure amounts, if any.

Section 365(f)(2)(B) of the Bankruptcy Code states that a debtor may assign its unexpired leases and executory contracts if, *inter alia,* the assignee provides "adequate assurance of future performance." 11 U.S.C. § 365(f)(2)(B). The Successful Bidder must submit, among other things, written evidence of the ability to provide adequate assurance of future performance with respect to any contracts or leases to be assumed and assigned. The affected counterparties will be able to challenge the ability of the Successful Bidder to provide adequate assurance as provided in the Bid Procedures Order.

## C. SUCCESSFUL BIDDER SHOULD BE AFFORDED § 363(m) PROTECTIONS AS A GOOD FAITH PURCHASER.

Section 363(m) of the Bankruptcy Code protects a good-faith purchaser's interest in property purchased from the debtor's estate notwithstanding that the sale conducted under § 363(b) is later reversed or modified on appeal. Specifically, § 363(m) states that:

> The reversal or modification on appeal of an authorization under [section 363(b)] . . . does not affect the validity of a sale . . . to an entity that purchased . . . such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale were stayed pending appeal.

11 U.S.C. § 363(m).

Section 363(m) fosters the finality by providing that when a sale of assets is made to a good faith purchaser, it may not be modified or set aside unless the sale was

DEBTORS' MOTION RE BID PROCEDURES AND SALE – Page 9

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

stayed pending appeal. *Paulman v. Gateway Venture Partners Iii, Ltd. P'ship (in Re Filtercorp, Inc.),* 163 F.3d 570, 576 (9th Cir. 1998) (citing *Onouli-Kona Land Co. v. Estate of Richards (In re Onouli-Kona Land Co.)*, 846 F.2d 1170, 1172 (9th Cir. 1988) ("Finality in bankruptcy has become the dominant rationale for our decisions; the trend is towards an absolute rule that requires appellants to obtain a stay before appealing a sale of assets."). Finality of sales "encourages fervent bidding and ensures that interested parties will sincerely extend their best and highest offers at the auction itself." *In re NAMCO Capital Grp., Inc.,* No. 2011 U.S. Dist. LEXIS 65607, at *7 (C.D. Cal. June 7, 2011) (quoting *In re Farmland Indus., Inc*., 408 B.R. 497, at 509 (8th Cir. BAP 2009)). The selection of the Successful Bidder will be the product of arms' length, good faith negotiations within the competitive Bidding Procedures. The Debtors intend to request at the Sale Hearing a finding that the Successful Bidder is a good faith purchaser entitled to the protections of § 363(m).

## D. WAIVER OF STAY UNDER BANKRUPTCY RULES 6004(H) AND 6006(D) IS APPROPRIATE.

Bankruptcy Rules 6004(h) and 6006(d) respectively provide for stay of orders authorizing the use, sale, or lease of property and assignment of executory contracts or unexpired leases. The purpose of Bankruptcy Rules 6004(h) and 6006(d) is to provide sufficient time for an objecting party to appeal before an order can be implemented. *See* Advisory Committee Notes to Fed. R. Bankr. P. 6004(h) and 6006(d). Although each rule is silent as to when a court should "order otherwise" to eliminate or reduce the 14-day stay period, Collier suggests elimination of the 14-day stay period "where there has been no objection to the procedure." COLLIER ON BANKRUPTCY P

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

6004.11 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). If an objection is filed and overruled and the objecting party informs the court of its intent to appeal, Collier suggests reduction of the amount of time actually necessary to file such appeal. *Id.* Here, given the Debtors' liquidity issues necessitating a need to close as sale as immediately as practicable, the Debtors request waiver of the 14-day stay periods, or, in the alternative, if an objection to the Sale is filed, reduction of the stay period to the minimum amount of time needed by the objecting party to file its appeal.

### III.
### BID PROCEDURES IN THE ALTERNATIVE: WITH AND WITHOUT STALKING HORSE

**A. STALKING HORSE AND BREAK UP FEE**

The Bid Procedures allow for the designation of a stalking horse bid (a "Stalking Horse Bid" by a "Stalking Horse Bidder", in the Debtors' sole discretion in advance of an Auction. Recognizing a Stalking Horse Bidder's expenditure of time, energy and resources, and that a Stalking Horse Bid provides a floor bid with respect to the Acquired Assets that it offers to purchase, the Debtors seek authority to provide for a break-up fee of three percent (3%) of the Stalking Horse Bidder's purchase price for the Acquired Assets (a "Break-Up Fee"). The Break-Up Fee is fair and reasonable in light of the in light of the size and nature of the proposed transaction, the lack of other bid protection devices, the risk that a Stalking Horse Bidder will be taking in pursuing the acquisition of the Acquired Assets as a "stalking horse" bidder, and the efforts that have been or will be expended by a Stalking Horse Bidder notwithstanding that the proposed transaction is subject to higher and better offers for the Acquired Assets. Stratton

DEBTORS' MOTION RE BID PROCEDURES AND SALE – Page 11

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Decl.; *In re Pomare, Ltd.*, No. 15-00203 (Chapter 11), 2015 Bankr. LEXIS 1824, at *11 (Bankr. D. Haw. May 18, 2015).

## B. TIMING AND DEADLINES.

Following are proposed Bid Procedures deadlines:

| Event | Proposed Dates & Deadlines |
|---|---|
| Deadline to provide Bid Procedures Order and Bid Procedures to Interested Parties | As soon as practicable |
| Deadline to file and serve Notice of Sale Hearing and Assumption and Assignment/Cure Notice | Wednesday, December 31, 2025 |
| Deadline File Objections to Cure Amounts | Wednesday, January 14, 2026 |
| Deadline to file and to provide to interested parties Notice of Stalking Horse Bid, If Any, to include: Purchase Price; Break Up Fee; Assets Included in the Purchase | Monday, January 12, 2026 |
| Bid Deadline for All Bids Whether or Not there is a Stalking Horse Bid | Friday, January 16, 2026, 5:00p.m. Pacific Time |
| Deadline to Notify Qualified Bidders of Qualified Bids | Monday, January 19, 2026, 5:00p.m. Pacific Time |
| Auction (if necessary) | Thursday, January 22, 2026 |
| Deadline to file and serve on counterparties to Contract and Leases Notice of Auction Results with identification of Contract or Leases to be assigned. | First business day after conclusion of the Auction |
| Deadline for Objections to Sale | Wednesday, January 28, 2026, 12:00 p.m. Pacific Time |
| Sale Hearing | Friday, January 30, 2026 |

DEBTORS' MOTION RE BID PROCEDURES AND SALE – Page 12

Bush Kornfeld llp
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

## C.     QUALIFIED BIDS.

The Debtors and Hilco will consider a Bid only if it is a "Qualified Bid" (by a "Qualified Bidder").

**A Qualified Bid must:**

(1) include a copy of an Asset Purchase Agreement reflecting the terms and conditions of its bid, which agreement must be redlined to show proposed modifications to the form of Asset Purchase Agreement posted by in the data room established for the sale process;

(2) identify the Qualified Bidder and an officer who is fully and completely authorized to appear and act on behalf of the bidder ("Authorized Representative");

(3) provide for the purchase of identified Acquired Assets;

| (4) Alternative Terms to be Included with a Stalking Horse and if No Stalking Horse: | |
| --- | --- |
| No Stalking Horse set forth the purchase price, payable in cash, assets included in purchase; | With-Stalking-Horse set forth the assets included in the purchase, the purchase price, payable in cash, which purchase price shall be higher and better than the Stalking Horse Purchase Price such that the value to the Debtors' bankruptcy estates and creditors exceeds the Stalking Horse Purchase Price by at least (i) 3% of the Stalking Horse purchase price, i.e. the Break Up Fee, *plus* (ii) $100,000; |

(5) be accompanied by a cash deposit in an amount equal to 10% of the purchase price of  (together the "Deposit") contemporaneously submitted via wire per instructions to be provided at bidder's written request to counsel for the Debtors at the contact information set forth in the Bid Procedure Order, refundable in the event the prospective bidder is not the Successful Bidder or the Backup Bidder at the Auction and to be held in trust to be administered consistent with these Bid Procedures;

(6) not be subject to any financing, due diligence, inspection contingencies, or any other contingency other than court ("Bankruptcy Court") approval;

DEBTORS' MOTION RE BID PROCEDURES AND SALE – Page 13

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

(7) identify the Debtors' contracts and leases to be assumed and assigned;

(8) be accompanied by financial information for the prospective bidder, including but not limited to financial statements including the prospective bidder's balance sheet, sufficient to evidence the bidder's creditworthiness and ability to close a sale and perform under any assumed and assigned contracts and leases, provided however, determination that the bidder has met this qualification shall be in the sole discretion of the Debtors;

(9) be open and irrevocable through the conclusion of the Sale Hearing, unless extended by agreement of the parties; and

(10) expressly provides that the party submitting the Bid agrees to be bound by the procedures set forth in section D., below.

## D. AUCTION, BIDDING INCREMENTS, BIDS REMAIN OPEN.

If the Debtors receive one or more Qualified Bids, the Debtors shall conduct an Auction on January 22, 2026 at 10:00 a.m. (Pacific Time), or on such other date and at such other time as the Debtors determine, either in-person or via online platform (e.g., Zoom, Microsoft Teams, etc.), at Debtors' discretion, to be communicated to Qualified Bidders.

The following procedures will apply:

(1) The Debtors may accept more than one Successful Bid with such bids applicable to distinct and separate Acquired Assets. Any general reference to a Successful Bid in these Procedures will apply more than one Successful Bid, if applicable.

(2) Only the following parties and their counsel shall be permitted to attend the Auction:
- any Stalking Horse Bidder;
- Qualified Bidders;
- the Debtors;
- chair of any official Committee of Unsecured Creditors ("Committee");
-one representative and/or counsel Senior Secured Lender;

DEBTORS' MOTION RE BID PROCEDURES AND SALE – Page 14

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

-one representative and/or counsel of Subordinated Note Holders.

(3) Only the Stalking Horse Bidder (if any) and Qualified Bidders, including through their counsel, shall be permitted to make any additional bids at the Auction.

(4) Each Qualified Bidder and any Stalking Horse Bidder that desires to participate in the Auction shall have its Authorized Representative present for all bidding, with the understanding that (a) the true identity of each Qualified Bidder shall be fully disclosed to all other Qualified Bidders; and (b) all material terms, including but not limited to the amount of each bid, will be fully disclosed to all other bidders throughout the entirety of the Auction.

(5) On or before the business day prior to the Auction, the Debtors will give the following parties a copy of any Stalking Horse Bid or the highest and best Qualified Bid received:
   (i) (any) Stalking Horse Bidder;
   (ii) all other Qualified Bidders;
   (iii) counsel for the Committee;
   (iv) counsel for the Senior Secured Lender; and
   (v) counsel for the Subordinated Noteholders.

(6) Prior to the start of the Auction, the Authorized Representative of each Qualified Bidder shall certify, in writing, as follows:

(i) Each bid it makes at the Auction shall, if accepted by the Debtors, constitutes a binding and legally enforceable contract of the Qualifying Bidder to timely close a purchase of the Acquired Assets and the Assumption and Assignment of Assumed/Assigned Contracts and Leases according to the terms of the bid in the event an order of the Bankruptcy Court is entered approving a sale based upon such bid.

DEBTORS' MOTION RE BID PROCEDURES AND SALE – Page 15

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

(ii)    No bids made by the Qualifying Bidder, whether before, or during the Auction, shall be subject to any conditions or contingencies related to due diligence, financing, or any other approval(s) other than Bankruptcy Court approval.

(iii)   The Authorized Representative present for the Qualified Bidder at the Auction has the full power and authority to act on behalf of and to legally bind such Qualified Bidder for any bids made, and any agreements entered into at or in connection with the Auction.

(iv)    Each Qualified Bidder that participates in the Auction, including any Stalking Horse Bidder, authorizes the Debtors to conditionally accept such Qualified Bidder's bid at the Auction as a back-up to the Successful Bid for the assets included in such bid, which shall become binding upon and enforceable against such Qualified Bidder, in the event the Successful Bid is approved by the Bankruptcy Court, but such Successful Bidder fails or otherwise refuses to close its purchase of the Acquired Assets for any reason other than a material failure of performance by the Debtors.

(7)    The Debtors shall have reasonable discretion with respect to the conducting of the Auction and, among other things, may announce at the Auction additional procedural rules that they determine to be reasonable under the circumstances (e.g., the amount of time allotted to make subsequent bids, revision of the Bid Increments, etc) for conducting the Auction so long as such additional rules are not inconsistent with these Bidding Procedures.

(8)    At the Auction, bidding shall begin with the highest and best Qualified Bid (the "Initial Bid" of the "Initial Bidder").
The Debtors will identify the Initial Bid at the beginning of the Auction.
Any subsequent overbids (an "Overbid") must, for the first round of bidding, be at least $100,000.00 ("Bid Increments") more than the Initial Bid.  Thereafter, each Overbid must be at least $100,000.00 more than the immediately preceding

DEBTORS' MOTION RE BID PROCEDURES AND SALE – Page 16

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Overbid, unless the Overbid amount is reduced by Debtors, in their discretion, and publicly announced at the beginning of a new round of bidding.

(9)    All Overbids must be payable in cash.

(10)   The Stalking Horse Bidder shall be entitled to credit bid up to the amount of the Break-Up Fee, provided that the Stalking Horse Bidder shall recover the sum of the Break-Up Fee directly from the Deposit(s) or sales proceeds paid by the Successful Bidder(s) in the event that the Bankruptcy Court enters a sale order authorizing a sale of the Debtors' assets to Successful Bidder(s) other than the Stalking Horse Bidder.

(11)   The Auction shall be recorded by stenographer or other reliable means of preserving the record of the Auction proceedings, and shall continue in one or more rounds of publicly announced bidding and shall conclude after each participating bidder has had the opportunity, within the time specified by the Debtors, to submit an additional Overbid.

(12)   For the purpose of evaluating the value of the consideration provided by each Overbid (including any Overbid by the Stalking Horse Bidder), the value shall be the net cash consideration payable to Debtors after giving effect to the Break-Up Fee that may be payable to the Stalking Horse Bidder and the contracts and leases and other liabilities of the Debtors that would be assumed or rejected by such bidder, as well as the assets to be excluded.

(13)   At the conclusion of the bidding, Debtors shall announce their determination of the Successful Bid(s) which shall be submitted to the Bankruptcy Court for approval at the Sale Hearing.

(14)   In determining the Successful Bid to submit to the Bankruptcy Court for approval, the Debtors, in consultation with their professionals, shall determine whether any Overbid

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

constitutes a higher and better offer than the Initial Bid and any other Overbids. In making those determinations, the Debtors may consider any and all factors associated with all Overbids, including, but not limited to, the likelihood and ability of proposed buyer(s) to immediately consummate and close the proposed transactions, other timing issues, employment issues, overall value of Overbids, contracts and leases assumed under each Overbid and the impact of those issues on the estate and its creditors, liabilities assumed, and any other material factors. The highest and/or best offer as reasonably determined by Debtors to be the Successful Bid(s) shall be submitted to the Bankruptcy Court for approval at the Final Hearing, subject to the rights of parties in interest, including the Stalking Horse Bidder, to object to or challenge such determination.

(15)    If, following the entry of a Sale Order approving a sale to the Successful Bidder(s), such Successful Bidder(s) fail(s) or otherwise refuse(s) to consummate such sale(s), then the next highest or best Overbid(s), as determined by the Debtors, will stand as a back-up bid (the "Back-Up Bid" of the "Back-Up Bidder") and will be deemed to be the Successful Bidder and the Debtors will be obligated to effectuate a Sale to the Back-Up Bidder without further order of the Bankruptcy Court. If there are two Successful Bidders due to the sale of separate categories of assets at the Auction, then the Debtors shall determine if the next highest bid is a bid for all of the assets with that bid serving as the Back-Up Bid, or if there are multiple bids on the separate categories of assets being sold that, cumulatively, are the next highest bids and therefore each of those will serve as Back-Up Bids. All Back-Up Bids shall remain open until the earlier of thirty (30) calendar days following entry of the Sale Order or closing of a sale to a higher Successful Bidder (the "Back-Up Bid Expiration Date"). All Overbids (other than the Successful Bid(s) and the Back-Up Bid(s)) shall be deemed rejected by the Debtors on and as of the date of entry of the Sale Order by the Bankruptcy Court.

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

(16) The Deposit of any Back-Up Bidder(s) shall be retained by the Debtors until the Back-Up Bid Expiration Date and returned to the Back-Up Bidder(s) within five (5) business days thereafter or, if a Back-Up Bid becomes a Successful Bid, shall be applied to the Purchase Price to be paid by the Back-Up Bidder in accordance with the terms of the Back-Up Bid.

(17) The Successful Bidder(s)' Deposit(s), if not the Stalking Horse, shall be applied by the Debtors against the payment to the Stalking Horse Bidder of the Break-Up Fee, and then to the purchase price to be paid at closing of the transaction(s). In the Successful Bidder does not consummate the transaction by reason of its breach of the terms of the Overbid, such Deposit shall be retained by the Debtors.

(18) Any party that submits a Deposit but otherwise fails to submit a Qualified Alternative Bid or that submits a Deposit and is not the Successful Bidder shall receive a refund of such Deposit as soon as practicable after closing of the transaction with the Successful Bidder(s) or any Backup Bidder.

## E. THE BID PROCEDURES WILL MAXIMIZE THE VALUE OF THE ASSETS

The paramount goal in any proposed sale of property of the estate is to maximize the proceeds received by the estate. To that end, courts uniformly recognize that procedures intended to enhance competitive bidding are consistent with the goal of maximizing the value received by the estate and therefore are appropriate in the context of bankruptcy sales. *See, e.g.*, *In re Fin'l News Network, Inc.*, 126 B.R. 152, 156 (Bankr. S.D.N.Y. 1991) ("[C]ourt-imposed rules for the disposition of assets . . .

DEBTORS' MOTION RE BID PROCEDURES AND SALE – Page 19

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1   [should] provide an adequate basis for comparison of offers, and [should] provide for a

2   fair and efficient resolution of bankrupt estates.").

3       Here, the Bid Procedures establish the appropriate parameters under which the

4   value of the Acquired Assets may be tested at an auction and through the ensuing Sale

5   Hearing.  The procedures will increase the likelihood that the estate will receive the

6   greatest possible consideration for the Acquired Assets because they will ensure a

7   competitive and fair bidding process.  The Bid Procedures also allow the Debtors to

8   undertake an auction in as expeditious and efficient manner as possible, which the

9   Debtors believe is essential to maximizing the value of the estate for creditors.  Stratton

10   Decl.

11       The Bid Procedures will promote active bidding from seriously interested parties

12   and will dispel any doubt as to the best and highest offer reasonably available for the

13   Acquired Assets.  The Bid Procedures will allow the Debtors to conduct an auction in a

14   controlled, fair, and open fashion that will encourage participation by financially

15   capable bidders who demonstrate the ability to close a transaction.  Further, the Bid

16   Procedures provide the Debtors with the opportunity to consider all Qualified Bids and

17   to select, in their reasonable business judgment, the highest and best offer for the

18   Acquired Assets while allowing the Debtors flexibility to modify the Bid Procedures, if

19   necessary, to ensure value for the Acquired Assets is maximized.  Stratton Decl.

20   Accordingly, the Bid Procedures are reasonable, appropriate, and within the Debtors'

21   sound business judgment.

22                 **IV.   CONCLUSION**

23       Based on the foregoing, the Debtors respectfully request the entry of the

DEBTORS' MOTION RE BID PROCEDURES AND SALE  –
Page 20

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

proposed orders granting the relief requested herein and such other and further relief as the court may deem just and proper.

DATED this 15th day of December, 2025.

BUSH KORNFELD LLP

By /s/ Armand J. Kornfeld
   Armand J. Kornfeld, WSBA #17214
   Aimee S. Willig, WSBA #22859
   Shane E. Creason WSBA #63865
Attorneys for Debtors

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re | Chapter 11 |
| SUMMIT COLLECTIVE, INC. et al., | Lead Case No. 25-02182-WLH11 Jointly Administered |
| Debtors.[1] | [PROPOSED] ORDER APPROVING BID PROCEDURES |

THIS MATTER came before the Court upon the motion (the "Motion") of the Debtors, debtors-in-possession herein, for the entry of two (2) orders:

    (a)    this order (the "Bid Procedures Order"):

        (1) approving bidding procedures (the "Bid Procedures") in connection with the sale of the Debtors' assets as identified by buyer(s) ("Acquired Assets"); and

        (2) scheduling (a) an auction (the "Auction"), and (b) the date and time of the hearing (the "Sale Hearing") to approve (i) assumption and assignment of executory contracts and unexpired leases; and (ii) sale of the

[1] The Debtors, along with their case numbers, are as follows: Summit Collective Incorporated (25-02182) ("Summit") and Rad Power Bikes Inc. (25-02183) ("RAD").

ORDER APPROVING BID PROCEDURES – Page 1

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1  Acquired Assets to the bidder(s) that submitted the successful bid(s) (the

2  "Successful Bid(s)" by the "Successful Bidder(s)"); and

3  (b)    an order (the "Sale Order") authorizing:

4         (1) the Sale of Acquired Assets free and clear of liens, claims,

5         encumbrances and other interests; and

6         (2) Assumption and Assignment of executory contracts and unexpired

7         leases.

8       Capitalized terms not defined in this Order have their meaning as set forth in the

9  Motion.  The court has reviewed the files and records herein and finds that it necessary

10 and appropriate to establish bid procedures to govern the submission of competing bids

11 for the Acquired Assets.  Therefore, it is hereby

12      **ORDERED as follows:**

13      1.     The Motion [at ECF____] is granted with respect to the relief sought as to

14 Bid Procedures as set forth herein.

15      2.     <u>Sale Hearing</u>.  The Sale Hearing will be held by the court on  Friday,

16 January 30, 2026 at _____ _.m.

17      3.     <u>Notice of Bid Procedures</u>.  The Debtors must serve this Bid Procedures

18 Order, including Exhibit A, as soon as practicable upon:

19            a.     the United States Trustee;

20            b.     counsel for any Committee;

21            c.     parties who have filed with the Court a request for notices in this

22            case;

23

ORDER APPROVING BID PROCEDURES – Page 2

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

     d.    parties on the limited-service list pursuant to the court's Case Management Order; and

     e.    persons or entities that have expressed to the Debtors an interest in acquiring the Acquired Assets during the past twelve months or which Debtors reasonably believe may have an interest in bidding for the Acquired Assets.

4.    <u>Bid Procedures; Auction</u>.  Following entry of this Order, the Debtors will be entitled to solicit offers for the Acquired Assets pursuant to the Bid Procedures attached hereto as Exhibit A.

5.    <u>Additional Notices and Deadlines</u>.  The following dates and deadlines are approved with respect to each respective "Event" listed below:

| Event | Proposed Dates & Deadlines |
| --- | --- |
| Deadline to provide Bid Procedures Order and Bid Procedures to Interested Parties | As soon as practicable |
| Deadline to file and serve Notice of Sale Hearing and Assumption and Assignment/Cure Notice | Wednesday, December 31, 2025 |
| Deadline File Objections to Cure Amounts | Wednesday, January 14, 2026 |
| Deadline to file and to provide to interested parties Notice of Stalking Horse Bid, If Any, to include: Purchase Price; Break-Up Fee; Assets Included in the Purchase | Monday, January 12, 2026 |
| Bid Deadline for All Bids Whether or Not there is a Stalking Horse Bid | Friday, January 16, 2026, 5:00p.m. Pacific Time |
| Deadline to Notify Qualified Bidders of Qualified Bids | Monday, January 19, 2026, 5:00 p.m. Pacific Time |
| Auction (if necessary) | Thursday, January 22, 2026 |

ORDER APPROVING BID PROCEDURES – Page 3

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

| Event | Proposed Dates & Deadlines |
|---|---|
| | |
| Deadline to file and serve on counterparties to Contract and Leases Notice of Auction Results with identification of Contract or Leases to be assigned. | First business day after conclusion of the Auction |
| Deadline for Objections to Sale | Wednesday, January 28, 2026, 12:00 p.m. Pacific Time |
| Sale Hearing | Friday, January 30, 2026 at          .m |

/ / /End of Order/ / /

Presented by:

BUSH KORNFELD LLP

By_____
Armand J. Kornfeld, WSBA #17214
Aimee S. Willig, WSBA #22859
Shane E. Creason WSBA #63865
Attorneys for Debtors

ORDER APPROVING BID PROCEDURES – Page 4

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2013ji20h301hq

# EXHIBIT A
## BID PROCEDURES

## <u>SALE, BIDDING, AND AUCTION PROCEDURES</u>

The Debtors and Hilco will consider a Bid only if it is a "Qualified Bid" (by a "Qualified Bidder").

**A.    QUALIFIED BID MUST BE RECEIVED BEFORE FRIDAY, JANUARY 16, 2026, 5:00 P.M., PACIFIC TIME AND MUST:**

(1) include a copy of an Asset Purchase Agreement reflecting the terms and conditions of its bid, which agreement must be redlined to show proposed modifications to the form of Asset Purchase Agreement posted by in the data room established for the sale process;

(2) identify the Qualified Bidder and an officer who is fully and completely authorized to appear and act on behalf of the bidder ("Authorized Representative");

(3) provide for the purchase of identified Acquired Assets;

| (4) Alternative Terms to be Included with a Stalking Horse and if No Stalking Horse: | |
|---|---|
| <u>No Stalking Horse</u><br>set forth the purchase price, payable in cash, assets included in the purchase; | <u>With-Stalking-Horse</u><br>set forth the assets included in the purchase, the purchase price, payable in cash, which purchase price shall be higher and better than the Stalking Horse Purchase Price such that the value to the Debtors' bankruptcy estates and creditors exceeds the Stalking Horse Purchase Price by at least<br>(i) 3% of the Stalking Horse purchase price, i.e. the "Break-Up Fee", ***plus***<br>(ii) $100,000; |

(5) be accompanied by a cash deposit in an amount equal to 10% of the purchase price of  (together the "Deposit") contemporaneously submitted via wire per instructions to be provided at bidder's written request to counsel for the Debtors at the contact information set forth in the Bid Procedure Order, refundable in the event the prospective bidder is not the Successful Bidder or the Backup Bidder at the Auction and to be held in trust and administered consistent with these Bid Procedures;

(6) not be subject to any financing, due diligence, inspection contingencies, or any other contingency other than court ("Bankruptcy Court") approval;

ORDER APPROVING BID PROCEDURES – Page 5

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

(7) identify the Debtors' contracts and leases to be assumed and assigned;

(8) be accompanied by financial information for the prospective bidder, including but not limited to financial statements including the prospective bidder's balance sheet, sufficient to evidence the bidder's creditworthiness and ability to close a sale and perform under any assumed and assigned contracts and leases, provided however, determination that the bidder has met this qualification shall be in the sole discretion of the Debtors;

(9) be open and irrevocable through the conclusion of the Sale Hearing, unless extended by agreement of the parties; and

(10) expressly provides that the party submitting the Bid agrees to be bound by the "Procedures Governing Auction, Bidding Increments, Bids Remain Open", set forth below.

**B.     PROCEDURES GOVERNING AUCTION, BIDDING INCREMENTS, BIDS REMAIN OPEN**

If the Debtors receive one or more Qualified Bids, the Debtors shall conduct an Auction on January 22, 2026 at 10:00 a.m. (Pacific Time), or on such other date and at such other time as the Debtors determine, either in-person or via online platform (e.g., Zoom, Microsoft Teams, etc.), at Debtors' discretion, to be communicated to Qualified Bidders.

The following procedures will apply:

1.     The Debtors may accept more than one Successful Bid with such bids applicable to distinct and separate Acquired Assets.  Any general reference to a Successful Bid in these Procedures  will apply more than one Successful Bid, if applicable.

2.     Only the following parties and their counsel shall be permitted to attend the Auction:
- any Stalking Horse Bidder;
- Qualified Bidders;
- the Debtors;

ORDER APPROVING BID PROCEDURES – Page 6

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

- chair of any official Committee of Unsecured Creditors ("Committee");
-one representative and/or counsel Senior Secured Lender;
-one representative and/or counsel of Subordinated Note Holders.

3.  Only the Stalking Horse Bidder (if any) and Qualified Bidders, including through their counsel, shall be permitted to make any additional bids at the Auction.

4.  Each Qualified Bidder and any Stalking Horse Bidder that desires to participate in the Auction shall have its Authorized Representative present for all bidding, with the understanding that (a) the true identity of each Qualified Bidder shall be fully disclosed to all other Qualified Bidders; and (b) all material terms, including but not limited to the amount of each bid, will be fully disclosed to all other bidders throughout the entirety of the Auction.

5.  On or before the business day prior to the Auction, the Debtors will give the following parties a copy of any Stalking Horse Bid or the highest and best Qualified Bid received:
    (i) (any) Stalking Horse Bidder;
    (ii) all other Qualified Bidders;
    (iii) counsel for the Committee;
    (iv) counsel for the Senior Secured Lender; and
    (v) counsel for the Subordinated Noteholders.

6.  Prior to the start of the Auction, the Authorized Representative of each Qualified Bidder shall certify, in writing, as follows:

    (i)     Each bid it makes at the Auction shall, if accepted by the Debtors, constitutes a binding and legally enforceable contract of the Qualifying Bidder to timely close a purchase of the Acquired Assets and the Assumption and Assignment of Assumed/Assigned Contracts and Leases according to the terms of the bid in the event an order of the Bankruptcy Court is entered approving a sale based upon such bid.

    (ii)    No bids made by the Qualifying Bidder, whether before, or during the Auction, shall be subject to any conditions or contingencies related to due

ORDER APPROVING BID PROCEDURES – Page 7

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

diligence, financing, or any other approval(s) other than Bankruptcy Court approval.

(iii) The Authorized Representative present for the Qualified Bidder at the Auction has the full power and authority to act on behalf of and to legally bind such Qualified Bidder for any bids made, and any agreements entered into at or in connection with the Auction.

(iv) Each Qualified Bidder that participates in the Auction, including any Stalking Horse Bidder, authorizes the Debtors to conditionally accept such Qualified Bidder's bid at the Auction as a back-up to the Successful Bid for the assets included in such bid, which shall become binding upon and enforceable against such Qualified Bidder, in the event the Successful Bid is approved by the Bankruptcy Court, but such Successful Bidder fails or otherwise refuses to close its purchase of the Acquired Assets for any reason other than a material failure of performance by the Debtors.

7. The Debtors shall have reasonable discretion with respect to the conducting of the Auction and, among other things, may announce at the Auction additional procedural rules that they determine to be reasonable under the circumstances (e.g., the amount of time allotted to make subsequent bids, revision of the Bid Increments, etc) for conducting the Auction so long as such additional rules are not inconsistent with these Bidding Procedures.

8. At the Auction, bidding shall begin with the highest and best Qualified Bid (the "Initial Bid" of the "Initial Bidder").
The Debtors will identify the Initial Bid at the beginning of the Auction. Any subsequent overbids (an "Overbid") must, for the first round of bidding, be at least $100,000.00 ("Bid Increments") more than the Initial Bid. Thereafter, each Overbid must be at least $100,000.00 more than the immediately preceding Overbid, unless the Overbid amount is reduced by Debtors, in their discretion, and publicly announced at the beginning of a new round of bidding.

9. All Overbids must be payable in cash.

10. The Stalking Horse Bidder shall be entitled to credit bid up to the amount of the Break-Up Fee, provided that the Stalking Horse Bidder shall recover

ORDER APPROVING BID PROCEDURES – Page 8

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

the sum of the Break-Up Fee directly from the Deposit(s) or sales proceeds paid by the Successful Bidder(s) in the event that the Bankruptcy Court enters a sale order authorizing a sale of the Debtors' assets to Successful Bidder(s) other than the Stalking Horse Bidder.

11. The Auction shall be recorded by stenographer or other reliable means of preserving the record of the Auction proceedings, and shall continue in one or more rounds of publicly announced bidding and shall conclude after each participating bidder has had the opportunity, within the time specified by the Debtors, to submit an additional Overbid.

12. For the purpose of evaluating the value of the consideration provided by each Overbid (including any Overbid by the Stalking Horse Bidder), the value shall be the net cash consideration payable to Debtors after giving effect to the Break-Up Fee that may be payable to the Stalking Horse Bidder and the contracts and leases and other liabilities of the Debtors that would be assumed or rejected by such bidder, as well as the assets to be excluded.

13. At the conclusion of the bidding, Debtors shall announce their determination of the Successful Bid(s) which shall be submitted to the Bankruptcy Court for approval at the Sale Hearing.

14. In determining the Successful Bid to submit to the Bankruptcy Court for approval, the Debtors, in consultation with their professionals, shall determine whether any Overbid constitutes a higher and better offer than the Initial Bid and any other Overbids. In making those determinations, the Debtors may consider any and all factors associated with all Overbids, including, but not limited to, the likelihood and ability of proposed buyer(s) to immediately consummate and close the proposed transactions, other timing issues, employment issues, overall value of Overbids, contracts and leases assumed under each Overbid and the impact of those issues on the estate and its creditors, liabilities assumed, and any other material factors. The highest and/or best offer as reasonably determined by Debtors to be the Successful Bid(s) shall be submitted to the Bankruptcy Court for approval at the Final Hearing, subject to the rights of parties in interest, including the Stalking Horse Bidder, to object to or challenge such determination.

ORDER APPROVING BID PROCEDURES – Page 9

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

15. If, following the entry of a Sale Order approving a sale to the Successful Bidder(s), such Successful Bidder(s) fail(s) or otherwise refuse(s) to consummate such sale(s), then the next highest or best Overbid(s), as determined by the Debtors, will stand as a back-up bid (the "Back-Up Bid" of the "Back-Up Bidder") and will be deemed to be the Successful Bidder and the Debtors will be obligated to effectuate a Sale to the Back-Up Bidder without further order of the Bankruptcy Court. If there are two Successful Bidders due to the sale of separate categories of assets at the Auction, then the Debtors shall determine if the next highest bid is a bid for all of the assets with that bid serving as the Back-Up Bid, or if there are multiple bids on the separate categories of assets being sold that, cumulatively, are the next highest bids and therefore each of those will serve as Back-Up Bids. All Back-Up Bids shall remain open until the earlier of thirty (30) calendar days following entry of the Sale Order or closing of a sale to a higher Successful Bidder (the "Back-Up Bid Expiration Date"). All Overbids (other than the Successful Bid(s) and the Back-Up Bid(s)) shall be deemed rejected by the Debtors on and as of the date of entry of the Sale Order by the Bankruptcy Court.

16. The Deposit of any Back-Up Bidder(s) shall be retained by the Debtors until the Back-Up Bid Expiration Date and returned to the Back-Up Bidder(s) within five (5) business days thereafter or, if a Back-Up Bid becomes a Successful Bid, shall be applied to the Purchase Price to be paid by the Back-Up Bidder in accordance with the terms of the Back-Up Bid.

17. The Successful Bidder(s)' Deposit(s), if not the Stalking Horse, shall be applied by the Debtors against the payment to the Stalking Horse Bidder of the Break-Up Fee, and then to the purchase price to be paid at closing of the transaction(s). In the Successful Bidder does not consummate the transaction by reason of its breach of the terms of the Overbid, such Deposit shall be retained by the Debtors.

18. Any party that submits a Deposit but otherwise fails to submit a Qualified Alternative Bid or that submits a Deposit and is not the Successful Bidder shall receive a refund of such Deposit as soon as practicable after closing of the transaction with the Successful Bidder(s) or any Backup Bidder.

ORDER APPROVING BID PROCEDURES – Page 10

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104