ARMAND J. KORNFELD (WSBA #17214)   HONORABLE WHITMAN L. HOLT
AIMEE S. WILLIG (WSBA #22859)
SHANE E. CREASON (WSBA #63865)
BUSH KORNFELD LLP
601 UNION STREET, SUITE 5000
SEATTLE, WA 98101
(206) 292-2110
ajkornfeld@bskd.com
awillig@bskd.com
screason@bskd.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re | Chapter 11 |
| SUMMIT COLLECTIVE, INC. et al., | Lead Case No. 25-02182-WLH11<br>Jointly Administered |
| Debtors.[1] | DECLARATION OF TERI STRATTON IN SUPPORT OF DEBTORS' MOTION FOR ORDERS APPROVING:<br>(I) BID PROCEDURES FOR SALE OF ASSETS AND ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS UNEXPIRED LEASES AND SCHEDULING AUCTION AND SALE HEARING;<br>(II) SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES |

[1] The Debtors, along with their case numbers, are as follows: Summit Collective Incorporated (25-02182) ("Summit") and Rad Power Bikes Inc. (25-02183) ("RAD").

DECLARATION OF TERI STRATTON – Page 1

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Teri Stratton declares as follows:

1. I am over the age of 18 and competent to testify to the matters herein. I give this declaration based on my own personal knowledge of the matters stated herein, unless indicated otherwise.

2. I am an Executive Director of Hilco Corporate Finance, LLC, the proposed investment banker for the Debtors. I have personal knowledge of the facts set forth herein. I make this declaration in support of the Debtors' Motion ("Motion") for Orders Approving (I) Bid Procedures For Sale of Assets and Assumption and Assignment of Executory Contracts and Unexpired Leases and Scheduling Auction and Sale Hearing; and (II) Sale of Assets Free and Clear of Liens, Claims, Encumbrances and Assumption and Assignment of Executory Contracts and Unexpired Leases.

3. Capitalized terms not defined in this Declaration have their meaning as set forth in the Motion.

4. I have worked as both a financial advisor and an investment banker on behalf of distressed companies and lenders for 25 years. During that time, I have been involved in, and typically led, the marketing and sale of more than 100 distressed companies, both out-of-court and in Chapter 11 bankruptcy cases. I also represent buyers in these contexts, as well.

5. Hilco began working with the Debtors in early-mid November and since that time has contacted over 100 parties, a mix of potential strategic and financial buyers. Of those parties, 25 signed non-disclosure agreements ("NDA"). The Hilco team has had countless communications, including telephone conversations and/or video meetings, with all of the currently active parties and those who signed NDA's.

DECLARATION OF TERI STRATTON – Page 2

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

6. As of the filing of this case, 17 parties were actively completing diligence in the virtual data room established to support the marketing and sale process. Overall, there are a number of interested buyers who have expressed strong interest in completing a purchase of RAD's assets in order to preserve the business, the brand, and the customer base. RAD's focus is to complete the sale of its business and related assets in the next 45 – 60 days, which is a reasonable time frame in light of the status of the process. RAD is seeking approval of bid procedures, which have been formulated in consultation with Hilco, in order to provide interested buyers with clear guidance for the timing of the sales process and the rules that will govern the process.

7. The Bid Procedures provide the framework for the sale process and are designed to elicit value-maximizing bids. The Bid Procedures (a) set forth a timeline for the sale process that is reasonable and appropriate to elicit value-maximizing bids, (b) set forth the basic rules for submitting bids for the assets and a potential Auction, and (c) provide major creditor groups with consultation rights at various stages in the process.

8. Based on my experience, the Bid Procedures are necessary and appropriate to provide clear guidance for the timing of the sales process and the rules that will govern the process and to affect a sale process that maximizes the value of the assets of the estate.

9. The Bid Procedures allow for the designation of a stalking horse bid a Stalking Horse Bid in the Debtors' sole discretion in advance of an Auction. Recognizing a Stalking Horse Bidder's expenditure of time, energy and resources, and that a Stalking Horse Bid provides a floor bid with respect to the Acquired Assets that it

DECLARATION OF TERI STRATTON – Page 3

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

offers to purchase, the Debtors seek authority to provide for a Break-Up Fee of three percent (3%) of the Stalking Horse Bidder's purchase price for the Acquired Assets. The Break-Up Fee is fair and reasonable in light of the in light of the size and nature of the proposed transaction, the lack of other bid protection devices, the risk that a Stalking Horse Bidder will be taking in pursuing the acquisition of the Acquired Assets as a "stalking horse" bidder, and the efforts that have been or will be expended by a Stalking Horse Bidder notwithstanding that the proposed transaction is subject to higher and better offers for the Acquired Assets.

10. The Bid Procedures provided to the court for its consideration are customary and will aid the process and enhance the likelihood of a successful outcome.

11. In addition to working with RAD, my restructuring and financial advisory engagements have included representations of debtors and unsecured creditors' committees in the following chapter 11 cases: *In re Pinstripes Holdings, Inc.,* No. 25-11677 (KBO) (Bankr. D. Del. Oct. 2, 2025); *In re Wellmade Floor Coverings International, Inc.,* No. 25-58764 (SMS) (Bankr. D. Ga. Sep. 9, 2025); *In re CTN Holdings Inc,* No. 25-10603 (TMH) (Bankr. D. Del. May 16, 2025); *In re OTB Holding LLC,* No. 25-52415 (SMS) (Bankr. D. Ga. Mar. 10, 2025; *In re One Table Restaurant Brands, LLC,* No. 24-11553 (KBO) (Bankr. D. Del. Sep. 13,2024); *In re MRRC Hold Co.,* No. 24- 11164 (CTG) (Bankr. D. Del. Jul. 8, 2024); *In re MusclePharm Corporation,* No. 22-14422 (NMC) (Bankr. D. Nev. Aug. 28, 2023); *In re Meridian Restaurants Unlimited, LC,* No. 23-20731 (JTM) (Bankr. D. Uta. Aug. 1, 2023); *In re CBC Restaurant Corp.,* No. 23-10245 (KBO) (Bankr. D. Del. June 2, 2023); *In re CiCi's Holdings, Inc.,* No. 21-30155 (SGJ) (Bankr. N.D. Tex. Mar. 1, 2021); *In re*

DECLARATION OF TERI STRATTON – Page 4

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

25-02182-WLH11    Doc 15    Filed 12/15/25    Entered 12/15/25 15:34:53    Pg 4 of 5

*VIVUS, Inc.,* No. 20-11779 (LSS) (Bankr. D. Del. Jul. 7, 2020); *In re Garden Fresh Restaurant Corporation,* No. 20-02477 (JLS) (Bankr. S.D. Cal. May 14, 2020); *In re The Krystal Company,* No. 20-61065 (PWB) (Bankr. N.D. Ga. Jan. 19, 2020); *In re HRI Holding Corp,* No. 19-12415 (MFW) (Bankr. D. Del. Nov. 14, 2019); *In re FTD Companies,* No. 19-11240 (LSS)(Bankr. D. Del. Jun. 3, 2019); *In re Kona Grill Inc.,* No. 1910953 (CSS) (Bankr. D. Del. May 28, 2019); *In re Willowood USA Holdings, LLC,* No. 19-11079 (KHT) (Bankr. D. Colo. Feb. 15, 2019); *In re Synergy Pharmaceuticals,* No. 18-14010 (LGB) (Bankr. S.D. N.Y. Dec. 12, 2018); *In re RM Holdco LLC,* No. 18-11795 (MFW) (Bankr. D. Del Aug. 30, 2018); *In re Portrait Innovations,* No. 17-31455 (JCW) (Bankr. W.D. N.C. Sept. 1, 2017); *In re Ignite Restaurant Group, Inc.,* No. 17- 33550 (DRJ) (Bankr. S.D. Tex. Jun. 6, 2017); *In re Central Grocers, Inc.,* No. 17-13886 (PSH) (Bankr. N.D. Ill. May 4, 2017); *In re Sotera Wireless,* No. 16-05968 (LST) (Bankr. S.D. Cal. Sept. 30, 2016); *In re Rotary Drilling Tools USA, LLC,* No. 16-33433 (MI) (Bankr. S.D. Tex. Jul. 6, 2016); *In re Golden County Foods,* No. 15-11062 (KG) (Bankr. D. Del. May 15, 2015); *In re Claim Jumper Restaurants, LLC,* No. 10-12819 (KG), as well as numerous private transactions.

I declare under the penalty of perjury that the foregoing is true and correct.

Dated this 15 day of December, 2025.

_____
Teri Stratton

DECLARATION OF TERI STRATTON – Page 5

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

25-02182-WLH11    Doc 15    Filed 12/15/25    Entered 12/15/25 15:34:53    Pg 5 of 5